COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-08-035-CV

 

 

NINA CIULLA, INDIVIDUALLY                                              APPELLANTS

AND
AS NEXT FRIEND OF 

SALVATORE
CIULLA, AN 

INCAPACITATED
PERSON AND 

ANN
CIULLA, AS NEXT FRIEND 

FOR
NICHOLE CIULLA, 

ELIZABETH
CIULLA AND 

ANTHONY CIULLA, MINOR                                                                    

CHILDREN                                      

V.

 

STEVE HAWKINS CUSTOM                                                      APPELLEE

HOMES,
INC., A/K/A STEVE 

HAWKINS
CONSTRUCTION 

COMPANY,
INC., A/K/A STEVE 

HAWKINS BUILDERS                                                                            

 

                                              ------------

 

           FROM
THE 141ST DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------













Appellants Nina Ciulla,
individually and as next friend for Salvatore Ciulla, an incapacitated person,
and Ann Ciulla, as next friend for Nichole Ciulla, Elizabeth Ciulla, and
Anthony Ciulla, minor children, attempt to appeal from a trial court order granting
summary judgment in favor of Appellee Steve Hawkins Custom Homes, Inc., a/k/a
Steve Hawkins Construction Company, Inc., a/k/a Steve Hawkins Builders.  On February 5, 2008, we notified Appellants
that we were concerned that this court may not have jurisdiction over this
appeal because the order granting summary judgment in favor of Steve Hawkins
Custom Homes, Inc., a/k/a Steve Hawkins Construction Company, Inc., a/k/a Steve
Hawkins Builders is a partial summary judgment that does not dispose of all parties
in the case, and it does not appear to be an appealable interlocutory
order.  See Lehmann v. Har-Con Corp.,
39 S.W.3d 191, 192B93 (Tex.
2001).  We noted that Appellants= settlement of their claims against David Horton, individually and
d/b/a David Horton Framing, is reflected in the trial court=s April 13, 2007 AAmended Final Judgment as to Plaintiffs and David Horton, Individually
and d/b/a David Horton Framing,@ but their claims against Paul Moss, individually and d/b/a Paul Moss
Framing, appear to still be pending.[2]  We stated that the appeal would be dismissed
for want of jurisdiction unless Appellants or any party desiring to continue
the appeal filed within ten days a response showing grounds for continuing the
appeal or a copy of a signed order or judgment finalizing the case in the trial
court.  No response or additional signed
order or judgment has been filed.

The record reflects that
Appellants= claims
against Paul Moss, individually and d/b/a Paul Moss Framing, have not yet been
disposed of.  Accordingly, because there
is no final judgment or appealable interlocutory order, it is the opinion of
the court that this case should be dismissed for want of jurisdiction.  See Tex.
R. App. P. 42.3(a); 43.2(f).

 

PER CURIAM

PANEL D:  HOLMAN, GARDNER, and WALKER, JJ.

DELIVERED: 
March 13, 2008











[1]See Tex. R.
App. P. 47.4.





[2]The amended final judgment states
that it Aspecifically does not dispose of
any of Plaintiff=s claims against . . .
Paul Moss, individually and d/b/a Paul Moss Framing.@